IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**REGINALD BRAY,**

       Petitioner,

    v.                **Civil Action No. 5:24-CV-36**
                                 Judge Bailey

**H. RAY,**

       Respondent.

**REPORT AND RECOMMENDATION**

**I.**      **Introduction**

On February 27, 2024, the pro se petitioner filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. 1]. Petitioner is a federal inmate at FCI Hazelton, in Bruceton Mills, West Virginia, serving a 200-month term of imprisonment, to be followed by a four-year term of supervised release, imposed by the United States District Court for the Western District of Michigan on March 15, 2013, for his conviction for conspiracy to possess with intent to distribute and to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846; §841(a)(1) and (b)(1)(B)(i). [Docs. 10-1 at 2; 10-2]. He has a projected good conduct time release date of January 8, 2027. [Docs. 10-1 at 2-3; 10-2].

Petitioner complains that the Bureau of Prisons ("BOP") has unlawfully denied him application of time credits he has earned under the First Step Act ("FSA"). He asserts that he is eligible to have these credits applied to his release, prelease transfer, or supervised release date, and asks the Court for an Order directing the BOP to apply

1

the 365 days he states that he has earned toward his release date. [Doc. 1 at 8]

The undersigned made a preliminary review of the petition and determined that summary dismissal was not warranted at that time. Accordingly, an Order to Show Cause was issued to the respondent. [Doc. 6]. Respondent then filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Doc. 9], along with an accompanying memorandum of law [Doc. 10], on April 30, 2024, arguing that the petitioner has not exhausted his administrative remedies and that, moreover, under the FSA, while the petitioner is eligible to *earn* time credits, he is not eligible to apply time credits because he has a "medium" recidivism risk. [Id.]. On May 23, 2024, the petitioner filed a Response to the Motion to Dismiss, disputing the Respondent's claims that he had failed to exhaust his administrative remedies and that his medium risk level precludes application of the time credits he has already earned. [Doc. 13]. The matter is now before the undersigned for a recommended disposition pursuant to LR PL P 2. For the reasons set forth below, the undersigned recommends that respondent's motion be granted and that the petition be dismissed.

## II. Legal Standard

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

A party may move to dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The burden of proving subject matter jurisdiction on a Rule 12(b)(1) motion to dismiss is on the party asserting federal jurisdiction. A trial court may consider evidence by affidavit, deposition, or live testimony without converting the proceeding to one for summary judgment. **Adams v. Bain**, 697 F.2d 1213, 1219 (4th Cir. 1982); **Mims v. Kemp**, 516 F.2d 21 (4th Cir. 1975).

Because the court's very power to hear the case is at issue in a Rule 12(b)(1) motion, the trial court is free to weigh the evidence to determine the existence of its jurisdiction. No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. *See* **Materson v. Stokes**, 166 F.R.D. 368, 371 (E.D. Va. 1996). Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. *See* Fed. R. Civ. P. 12(h)(3).

### B. Motion to Dismiss for Failure to State a Claim

A complaint must be dismissed if it does not allege "'enough facts to state a claim to relief that is plausible on its face.' **Bell Atl. Corp. v. Twombly**, 550 U.S. 554, 570 (2007) (emphasis added)." **Giarratano v. Johnson**, 521 F.3d 298, 302 (4th Cir. 2008). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiffs, and must view the allegations in a light most favorable to the plaintiffs. **Edwards v. City of Goldsboro**, 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. **Anheuser-Busch, Inc. v. Schmoke**, 63 F.3d 1305, 1312 (4th Cir. 1995). In **Twombly**, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

3

of action will not do," Id. at 555, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." *Id*. at 570.

This Court is well aware that "[m]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion." **Williams v. Branker**, 462 F. App'x 348, 352 (4th Cir. 2012). "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." **Witthohn v. Fed. Ins. Co.**, 164 F. App'x 395, 396 (4th Cir. 2006). However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint. *Id*. at 396–97.

### C. Motion for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see* **Celotex Corp. v. Catrett**, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." **Anderson**, 477 U.S. at 250.

Additionally, the party opposing summary judgment "must do more than simply

show that there is some metaphysical doubt as to the material facts*." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 323–25; *Anderson*, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

Finally, this Court notes that pro se allegations are held to a less stringent standard than those drafted by lawyers and must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hudspeth v. Figgins*, 584 F.2d 1345, 1347 (4th Cir. 1978).

### III. Analysis

To the extent that exhaustion has been applied to habeas corpus, such a requirement is not mandated by statute. Instead, courts have judicially imposed a duty on prisoners to exhaust administrative remedies before bringing a claim under § 2241. *See Braden v.30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973*); see also McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (*citing Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634-35 (2d Cir.2001); *Sites v. Warden, FCI Hazelton,* No. 5:21-CV-184, 2022 WL 706959, at *1 (N.D. W.Va. Feb 15, 2022) (Mazzone, M.J.), *report and recommendation adopted*, No. 5:21-V-184, 2022 WL 698061 (N.D. W.Va. Mar. 8, 2022) (citations omitted). Because the exhaustion requirement is judicially imposed in habeas proceedings, it follows that a Court also has

5

the discretion to waive that requirement in certain circumstances, and accordingly, a number of courts have found that the exhaustion requirement may be waived where the administrative process would be futile. **Sites** at *1 (*citing* **LaRue v. Adams**, 2006 WL 1674487, at *5-7 (S.D. W.Va. June 12, 2006) (citations omitted)). However, even in cases where the administrative process is unlikely to grant an inmate relief, courts have enforced a longstanding policy favoring exhaustion. *Id.* (citing **Alexander v. Hawk**, 159 F.3d 1321, 1327-28 (11th Cir. 1998)).

The Bureau of Prisons provides a four-step administrative process through which prisoners can request a review of any aspect of their imprisonment, beginning with an informal request to prison staff (BP-8) and progressing to the filing of a written complaint to the warden in the event a satisfactory resolution is not achieved informally (BP-9), followed by an appeal to the Regional Director (BP-10), and ultimately a final appeal to the Office of General Counsel (BP-11). *See* 28 C.F.R. § 542.10, *et seq.* An inmate is not deemed to have exhausted administrative remedies until a complaint has been filed at all levels. 28 C.F.R.§ 542.10-542.15; **Gibbs v. Bureau of Prison Office, FCI**, 986 F.Supp. 941, 943 (D. Md. 1997).

The petitioner herein does not dispute that he failed to submit any remedy requests though the Bureau of Prisons administrative process. [Doc. 1 at 7]. He claims that he asked the Assistant Warden for help with the issue, but that the warden "completely ignored" his attempt to resolve the issue. [Doc. 1 at 8]. He further asserts that this type of "informal request" constitutes "notice" to the Government and creates an affirmative duty on the part of the respondent to prove that the complained-of action

"is not taking place." [Doc. 13 at 2]. Petitioner's arguments, however, with respect to his claim of exhaustion fall short. While an inmate must first pursue an informal resolution by apprising correctional facility staff of an issue of concern, 28 C.F.R. § 542.13, when that informal request for a resolution is not successful, it remains incumbent on the prisoner to exhsudt his administrative remedies by using the three-tiered administrative remedy procedure and submitting a formal written administrative remedy request in order to exhaust administrative remedies. 29 C.F.R. § 524.14.

Petitioner does not allege that he was prevented from pursuing the administrative remedy procedure, nor does he claim that pursuing administrative remedies would be futile in his case. Moreover, it is apparent that he is fully aware of the process because he has filed grievances regarding other matters, unrelated to this one, during his incarceration. [Docs. 10-1 at 3, 10-3]. Assuming that the petitioner's alleged request to the Assistant Warden constitutes an informal attempt at resolution, petitioner remained obligated to file a formal administrative remedy request when it was not resolved. The informal attempt is merely an optional first act which is to be followed by the formal written grievance and three step appeal procedure, which petitioner instead ignored. See **Deese v. Hughes**, 2019 WL 570764, at *2 (W.D.N.C. February 12, 2019). Where petitioner has offered "no justification to explain why he failed to administratively exhaust" his claims, he is thus precluded from litigating them, and they are properly subject to dismissal. **Buford v. Gilley**, 2017 WL 3670554, at *2 (N.D. W.Va. Aug. 8, 2017). It being is clear from the record history that the petitioner failed to properly submit remedies and to comply with the process, his claim herein is clearly

7

unexhausted and is subject to dismissal without prejudice for his failure to exhaust administrative remedies.

### IV. Recommendation

For the foregoing reasons, the undersigned recommends that the Motion to Dismiss, or in the Alternative, for Summary Judgment [**Doc. 9**] be **GRANTED** and the petition [**Doc. 1**] be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

Within fourteen (14) days after being served with a copy of this report and recommendation, the petitioner may file with the Clerk of Court **specific written objections identifying those portions of the recommendation to which objection is made and the basis for such objections**. A copy of any objections shall also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. In addition, because this Report and Recommendation

8

completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

**DATED**: June 3, 2024.

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE